# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ANTHONY D. LAMAR**  **PLAINTIFF**
ADC #120479

v.             Case No. 4:21-CV-00529-LPR

**ASA HUTCHINSON,** *et al.*             **DEFENDANTS**

## ORDER

Plaintiff Anthony D. Lamar is in custody at the Ouachita River Unit of the Arkansas Division of Correction. He filed this action *pro se*.[1] Mr. Lamar challenges the legality of Arkansas Act 1110 of 2021 and the taking of his stimulus payments pursuant to Act 1110.[2] Mr. Lamar seeks a temporary restraining order or preliminary injunction, among other relief requested.[3] Mr. Lamar has also filed an Application for Leave to Proceed *In Forma Pauperis*.[4]

### I.  *In Forma Pauperis* Application

Mr. Lamar's IFP application (Doc. 1) is GRANTED. But Mr. Lamar must still pay the $350 filing fee.[5] Based on information contained in a certified copy of Mr. Lamar's Application and Calculation Sheet, the Court assesses an initial partial filing fee of $47.00. If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, the Warden of the Ouachita River Unit shall withdraw from the account any portion of the initial filing fee available,

---

[1] Pl.'s Compl. (Doc. 2).

[2] *Id*. at 3. The Court assumes that Mr. Lamar's references to "stimulus check," "stimulus EIP," "stimulus payments," and the like, are references to economic impact payments made under federal law—such as 26 U.S.C. § 6428, 26 U.S.C. § 6428A, and 26 U.S.C. § 6428B, for example—in response to the Covid-19 pandemic.

[3] *Id.* at 13-16.

[4] Pl.'s IFP Application (Doc. 1).

[5] Effective December 1, 2020, the cost for filing a new civil case is $402. The increase is due to a new $52 administrative fee, which does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

even if the account balance is under $10.00.  Regardless of the balance in the account, the Warden of the Ouachita River Unit shall continue to withdraw funds until the initial partial filing fee has been paid in full.

Upon payment of the initial partial filing fee, Mr. Lamar will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00.  Mr. Lamar's custodian is requested to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from his prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full.[6]

## II.   Screening

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[7] Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level.[8]  A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[9]

---

[6] 28 U.S.C. § 1915(b)(2).

[7] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

[8] *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation omitted).

[9] *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. Mr. Lamar's Claims

Mr. Lamar sued Arkansas Governor Asa Hutchinson, the Arkansas State Board of Correction, Arkansas Division of Correction Director Dexter Payne, the Arkansas General Assembly, and "ADC's Centralized Banking".[10] Mr. Lamar did not indicate the capacity in which he sued Defendants.[11] Mr. Lamar challenges the legality of Arkansas Act 1110 of 2021.[12] As mentioned above, Mr. Lamar seeks a temporary restraining order or preliminary injunction, among other relief.[13]

According to Mr. Lamar's Complaint, Defendants, acting pursuant to Arkansas Act 1110 of 2021, unlawfully take stimulus money from inmates housed in an ADC controlled correctional facility.[14] Mr. Lamar asserts that his $1,400 "stimulus check . . . was unlawfully taken from him by Respondent Dexter Payne."[15] Mr. Lamar maintains that the taking conflicts with federal law.[16] Mr. Lamar also asserts the taking of inmate stimulus money is a violation of the Takings Clause, the Due Process Clause, and his right to equal protection.[17] And, according to Mr. Lamar, Arkansas Act 1110 of 2021 "amounts to an Ex Post Facto Violation."[18] Mr. Lamar seeks a temporary restraining order or preliminary injunction and a writ of mandamus ordering the return his stimulus money, among other relief.[19]

---

[10] Pl.'s Compl. (Doc. 2) at 2.

[11] *Id*. Because Mr. Lamar did not indicate the capacity in which he sued Defendants, the Court interprets Mr. Lamar's claims as official capacity claims only. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir.1995); *see Nix. v. Norman*, 879 F.2d 429, 431 (8th Cir.1989).

[12] *Id*. at 3.

[13] *Id*. at 13-16.

[14] *Id.* at 5.

[15] *Id*. at 3.

[16] Pl.'s Compl. (Doc. 2) at 5, 11.

[17] *Id*. Mr. Lamar makes claims under due process clause of the Fifth and Fourth Amendments, as well as the equal protection claims under the Constitution of the State of Arkansas.

[18] *Id*. at 8.

[19] *Id*. at 16.

### A.  Certain Defendants Not "Persons" For Purposes of 42 U.S.C. § 1983

While Mr. Lamar did not refer to 42 U.S.C. § 1983, the Court interprets his causes of action as falling under that statute, as well as the Supremacy Clause.  To state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right.[20]

Mr. Lamar sued the Arkansas State Board of Correction, the Arkansas General Assembly, and the "ADC's Centralized Banking."[21]   These Defendants, however, are not "persons" for the purposes of 42 U.S.C. § 1983.[22]  Accordingly, Mr. Lamar's claims against these Defendants fail and will be dismissed.

### B.  Writ of Mandamus

Mr. Lamar refers to this action as a Petition for Writ of Mandamus, among other things.[23] Mr. Lamar asks the Court "[t]o issue a writ of mandamus to Defendant/Respondents to return the $1395 of [Mr. Lamar's] Economic Impact Payment that they stole from him . . . ."[24]  A writ of mandamus is appropriate relief only where the petitioner has no other adequate remedy available.[25]  As mentioned above, the Court interprets Mr. Lamar's causes of action as falling under § 1983 and the Supremacy Clause (as well as state law claims to the extent Mr. Lamar alleges violations of the Arkansas Constitution).  As such, relief through a writ of mandamus is inappropriate here.

---

[20] *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999).

[21] *Id*. at 2.

[22] *See Brown v. Missouri Dep't of Corr*., 353 F.3d 1038, 1041 (8th Cir. 2004); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[23] Pl.'s Compl. (Doc. 2) at 1.

[24] *Id*. at 16.

[25] *See Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004); *Mitchael v. Colvin*, 809 F.3d 1050, 1053-54 (8th Cir. 2016).

### C.     Representation of Others

Mr. Lamar refers to "inmates" in his Complaint. He also asks seeks the "return [of] all EIP's to all inmates . . . ."[26] To the extent Mr. Lamar attempts to represent other inmates, he may not do so. *Pro se* litigants are not authorized to represent the rights, claims, and interests of other parties in any cause of action.[27]

### C.     Mr. Lamar's Reliance on *Scholl v. Mnuchin* Misplaced

Mr. Lamar references *Scholl v. Mnuchin* in his Complaint and likens the alleged unlawful taking of inmate stimulus money pursuant to Arkansas Act 1110 of 2021 to the unlawful denial of economic impact payments to the prisoner plaintiffs in that case.[28] In *Scholl*, the defendants Steven Mnuchin, Charles Rettig, the U.S. Department of the Treasury, the U.S. Internal Revenue Service, and the United States of America were "generally responsible for administering . . . EIP . . . to eligible individuals pursuant to the [CARES Act]."[29] The plaintiffs in that class action case asserted three causes of action: (1) violation of the Administrative Procedure Act; (2) violation of the CARES Act; and (3) violation of the Little Tucker Act.[30] The court in *Scholl* found in favor of the plaintiff's on their Administrative Procedure Act claim and concluded that "defendants' policy of excluding incarcerated individuals from receiving an EIP solely on the basis of their incarcerated status is arbitrary and capricious."[31] On August 1, 2020, a permanent

---

[26] Pl.'s Compl. (Doc. 2) at 16.

[27] *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *cf. Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity . . . .").

[28] Pl.'s Compl. (Doc. 2) at 3.

[29] *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020).

[30] *Id*.

[31] *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 690 (N.D. Cal. 2020).

injunction was entered preventing the denial of EIP based solely on whether an individual was incarcerated.[32]  After the permanent injunction in *Scholl* issued, the IRS acknowledged that:

> [p]ursuant to a permanent injunction entered in **Scholl v. Mnuchin**, No. 20-cv-05309 (N.D. Cal. Oct. 14, 2020), appeal docketed, No. 20-17077 (9th Cir.), the IRS cannot deny a payment to someone who is incarcerated if they meet the criteria described above in the response to Q A1.[33]

While Mr. Lamar relies on *Scholl*, that case does little to help Mr. Lamar's claims.  Mr. Lamar did not bring suit under the Administrative Procedure Act.  Even if he had, that claim would fail.  The APA governs judicial review of agency decisions.[34]  Under the APA, courts must "uphold agency actions, findings, and conclusions unless they are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[35]  The Administrative Procedure Act defines agency as "each authority of the Government of the United States . . . ," with certain exclusions.[36]  As no federal agency has been sued, any Administrative Procedure Act claim would fail.  Mr. Lamar's claim that Act 1110 unfairly targets inmates is more of an equal protection claim.

### D. Equal Protection Claim

Mr. Lamar claims that inmates are being treated differently by having their stimulus payments taken pursuant to Act 1110.  The Equal Protection Clause of the Fourteenth Amendment essentially directs that "all persons similarly situated should be treated alike."[37]  But prisoners are not a protected class.[38]  "Unless a law burdens a fundamental right, targets a suspect

---

[32] *Id.* at 692-93.

[33] "Economic Impact Payment Information Center — Topic A: EIP Eligibility and General Information," https://www.irs.gov/newsroom/economic-impact-payment-information-center-topic-a-eip-eligibility-and-general-information, Q&A A14.

[34] 5 U.S.C. § 702.

[35] *El Dorado Chemical Co. v. U.S. E.P.A.*, 763 F.3d 950, 955 (8th Cir. 2014) (citing 5 U.S.C. § 706(2)(A)).

[36] 5 U.S.C. § 701(b)(1).

[37] *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).

[38] *Murray v. Dosal*, 150 F.3d 814, 818 (8th Cir. 1998).

class, or has a disparate impact on a protected class and was motivated by a discriminatory intent, we apply rational basis scrutiny to the challenged law."[39] Mr. Lamar has not explained how the different treatment is not rationally related to a legitimate government interest. As such, his Complaint as currently pled fails to state an equal protection claim.

### E. Supremacy Clause Claim

The Supremacy Clause of the United States provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.[40]

"[S]tate law is preempted to the extent that it actually conflicts with federal law."[41]

Mr. Lamar alleges that the taking of prisoner stimulus payments under Act 1110 is inconsistent with federal law that provides for stimulus payments to eligible individuals, which includes prisoners.[42] Mr. Lamar did not explain exactly how Act 1110 and any of the federal laws providing for stimulus payments are in conflict. While the Court will let this claim pass screening, this is not a comment on whether this claim can withstand an adversarial motion to dismiss.

### F. Fifth Amendment Takings Clause Claim

Mr. Lamar alleges that the taking of inmate stimulus payments violates the Fifth Amendment's Takings Clause.[43] The Takings Clause applies to the federal government or federal

---

[39] *New Doe Child #1 v. United States*, 901 F.3d 1015, 1027 (8th Cir. 2018). Mr. Lamar makes an equal protection claim under the Arkansas Constitution. That claim fails for the same reasons. *See also Arnold v. State*, 384 S.W. 3d 488, 495 (Ark. 201) (applying rational basis test when no suspect classification involved).

[40] U.S. CONST. ART. VI, cl. 2.

[41] *Lankford v. Sherman*, 451 F.3d 496, 510 (8th Cir. 2006) (internal citation omitted).

[42] Pl.'s Compl. (Doc. 2) at 8-11.

[43] *Id.* at 8.

actions and applies to the States through the Fourteenth Amendment.[44]  Mr. Lamar's argument is that federal law gave him a property right in the disputed funds, and the Defendants unlawfully took these funds for public use.  This claim survives screening, but may well be susceptible to an adversarial motion to dismiss.

### G. Due Process Claims

Mr. Lamar maintains that the taking of his stimulus payment was in violation of his due process rights under the Fifth Amendment and Fourteenth Amendments.  "The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'"[45]  Because Mr. Lamar sued no federal actor, his Fifth Amendment due process claim fails.[46]  Mr. Lamar's Fourteenth Amendment due process claim survives screening, but may well be susceptible to an adversarial motion to dismiss.

### H. Ex Post Facto Claim

Mr. Lamar says that "because [Arkansas Act 1110 of 2021] came into effect on May 3, 2021, then any application of it to any inmate who received their federal relief or stimulus funds from the U.S. Government prior to May 3, 2021 amounts to an Ex Post Facto Violation in violation of both the Arkansas' and United States' Constitutions."[47]  "The ex post facto clause prohibits states from 'retroactively alter[ing] the definition of crimes or increas[ing] the punishment for

---

[44] *Lingle v. Chevron U.S.A Inc.*, 544 U.S. 528, 536 (2005) (internal citation omitted).

[45] *Dusenbury v. United States*, 534 U.S. 161, 167 (2002).

[46] *See Id*.  *See also Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2011) (Fifth Amendment applies to actions taken by federal government).

[47] Pl.'s Complaint (Doc. 2) at 8.

criminal acts.'"[48]  "If the law in question is focused on the past crime, then it is likely intended as a punishment, while if the focus is upon the benefit from which the person is barred, it is not, even thought the impact on the individual may be harsh."[49]  Mr. Lamar included the text of Act 1110 in his Complaint.[50]  The language included in Mr. Lamar's Complaint is not focused on the past crime.  And Mr. Lamar made no factual allegations as to how Act 1110 was enacted for a punitive purpose.[51]  As such, his ex post facto claim fails.[52]

V.      **Motion for Temporary Restraining Order**

Mr. Lamar requests a temporary restraining order or preliminary injunction.[53]  But such a motion cannot be made by way of a Complaint.  Rule 7.2 of the Local Rules for the Eastern and Western Districts of Arkansas requires that "[p]retrial motions for temporary restraining orders, motions for preliminary injunctions, and motions to dismiss, shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief."[54]  Accordingly, if Mr. Lamar wishes to pursue a preliminary injunction or temporary restraining order, he must do so through a separate motion and brief in support.

VII.    *Pro Se* **Plaintiff**

Mr. Lamar is proceeding *pro se*, but he must still follow the applicable Federal Rules of

---

[48] *Williams v. Hobbs*, 658 F.3d 842, 848 (8th Cir. 2011) (internal citation omitted).  *See also Kellar v. Fayetteville Police Dep't.*, 5 S.W. 3d 402, 405 (Ark. 1999) (Arkansas ex post facto claims construed similarly to federal ex post facto claims).

[49]  *Peeler v. Heckler*, 781 F.2d 649, 651 (8th Cir. 1986).

[50] Pl.'s Complaint (Doc. 2) at 6.

[51] *See Peeler,* 781 F.2d at 651-52.

[52] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.)

[53] Pl.'s Complaint (Doc. 2) at 13-16.

[54] Local Rule 7.2(e); FED. R. CIV. P. 65.

Civil Procedure and relevant Local Rules.[55] Local Rule 5.5(c)(2) of the Eastern and Western Districts of Arkansas is particularly relevant to plaintiffs proceeding *pro se*. Local Rule 5.5(c)(2) provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

The Court also notes that a *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case.[56] The Court may, however, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."[57]

## VII. Conclusion

IT IS THEREFORE ORDERED that:

1. Mr. Lamar's Motion to Proceed *In Forma Pauperis* (Doc. 1) is GRANTED.

---

[55] *See, for example, Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) is particularly relevant to plaintiffs proceeding *pro se*. Local Rule 5.5(c)(2) provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

[56] *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

[57] *Johnson v. Lamar*, 788 F.2d 1319, 1322 (8th Cir. 1986) (quoting *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984)).

2.     As Mr. Lamar's present custodian, the Warden of the Ouachita River Unit or his designee shall collect from Mr. Lamar's institutional account an initial partial filing fee of $47.00 (or whatever amount is available in the account up to $350.00) and forward that amount to the Clerk of this Court. The payment must be clearly identified by the name and number assigned to this action.

3.     Thereafter, the Warden of the Ouachita River Unit or his designee, or any future custodian, shall collect from Mr. Lamar's institutional account the balance of the filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Mr. Lamar's account each time the amount in the account exceeds $10.00, and forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments forwarded on Mr. Lamar's behalf shall be clearly identified by the name and number assigned to this action.

4.     The Clerk of the Court shall send a copy of this Order to the Warden of the Ouachita River Unit, P.O. Box 1630, Malvern, Arkansas 72104; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

5.     Mr. Lamar's claims against the Arkansas State Board of Correction, the Arkansas General Assembly, and the ADC's Centralized Banking are DISMISSED without prejudice.

6.     The Arkansas General Assembly, Arkansas Act 1110 of 2021, Ark. Code Ann. § 12-29-119; and the Arkansas Department of Correction are DISMISSED as parties to this lawsuit.

7.     Mr. Lamar's request for a writ of mandamus is DENIED.

8.     To the extent Mr. Lamar makes claims on behalf of others, those claims are DISMISSED.

9. Mr. Lamar's claims—to the extent he makes them—that the deprivation of inmate stimulus funds pursuant to Act 1110 is arbitrary and capricious and in violation of *Scholl v. Mnuchin* are DISMISSED without prejudice.

10. Mr. Lamar's equal protection claim is DISMISSED without prejudice.

11. Mr. Lamar's ex post facto claim is DISMISSED without prejudice.

12. Mr. Lamar's Supremacy Clause, Takings Clause, and Due Process claims will be served on Defendants Hutchinson and Payne.

13. The United States Marshal shall serve a copy of the Complaint (Doc. 2), Summons, and this Order on Defendants Hutchinson and Payne without prepayment of fees and costs or security therefore. Service for Defendant Hutchinson should be attempted at 250 State Capitol, 500 Woodlane, Little Rock, Arkansas 72201. Service for Defendant Payne should be attempted through the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

14. Mr. Lamar's embedded request for a TRO or PI (Doc. 2) is DENIED without prejudice.

15. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 25th day of June, 2021.

                                            LEE P. RUDOFSKY
                                            UNITED STATES DISTRICT JUDGE