**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ANTHONY D. LAMAR**                                                                              **PLAINTIFF**
**ADC #120479**

**v.**                              **Case No. 4:21-CV-00529-LPR**

**ASA HUTCHINSON,** *et al.*                                                          **DEFENDANTS**

## <u>ORDER</u>

Plaintiff Anthony D. Lamar is in custody at the Varner Unit of the Arkansas Division of Correction. He filed this action *pro se*.[1] Mr. Lamar challenges the legality of Arkansas Act 1110 of 2021 and the taking of his stimulus payments pursuant to Act 1110.[2] On June 25, 2021, the Court screened Mr. Lamar's claims under the Prison Litigation Reform Act and *in forma pauperis* statute.[3] The Court served Mr. Lamar's Supremacy Clause, Takings Clause, and Due Process claims against Governor Asa Hutchinson and Arkansas Division of Correction Director Dexter Payne.[4] The Court dismissed without prejudice Mr. Lamar's other claims and the other Defendants he sued.[5]

On July 26, 2021, Mr. Lamar filed a Motion to Amend Complaint, which was granted.[6] In his Amended Complaint, Mr. Lamar named as Defendants Arkansas Governor Hutchinson, Arkansas State Senators G. Rice and Flippo Stubblefield, Arkansas State Representative Richmond, Arkansas Division of Correction Director Dexter Payne, and Varner Unit Business

---

[1] Pl.'s Compl. (Doc. 2).

[2] *Id.* at 3. The Court assumes that Mr. Lamar's references to "stimulus check," "stimulus EIP," "stimulus payments," and the like, are references to economic impact payments made under federal law—such as 26 U.S.C. § 6428, 26 U.S.C. § 6428A, and 26 U.S.C. § 6428B, for example—in response to the Covid-19 pandemic.

[3] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

[4] Court's Screening Order (Doc. 5).

[5] *Id.*

[6] Pl.'s Motion to Amend Compl. (Doc. 8); Court's Order Granting Motion to Amend (Doc. 10);

Manager Barbara Smallwood.[7]   Mr. Lamar sued Defendants in their personal and official capacities.[8]   Mr. Lamar challenges the legality of Arkansas Act 1110 of 2021.[9]   The Court will now screen the claims in Mr. Lamar's Amended Complaint.

## I.      Screening

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[10] Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level.[11]  A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[12]

## II.     Mr. Lamar's Claims

According to Mr. Lamar's Amended Complaint, Defendants, acting pursuant to Arkansas Act 1110 of 2021, unlawfully take stimulus money from inmates housed in an ADC controlled correctional facility.[13]   Mr. Lamar asserts that $1,395 of his $1,400 was unlawfully taken from him.[14]   Mr. Lamar maintains that the taking conflicts with federal law.[15]   And Mr. believes the

---

[7]   Pl.'s Am. Compl. (Doc. 11) at 1-2.

[8]   *Id.*

[9]   *Id.* at 3.

[10]   28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

[11]   *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[12]   *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[13]   *Id.* at 4-14.

[14]   *Id.* at 6, 10.

[15]   *Id.* at 7-8, 13.

taking of his stimulus money violates his due process rights.[16]  Mr. Lamar seeks declaratory relief and the return of his "$1,395 . . . from his stimulus check back to his inmate checking account, and reinstate his liens on his checking account."[17]  He also asks the Court to appoint counsel "for the purpose of requesting that this case be turned into a class-action lawsuit."[18]

## A.    Representation of Others

As Mr. Lamar recognizes,  *pro se* litigants are not authorized to represent the rights, claims, and interests of other parties in any cause of action.[19]  Mr. Lamar asks that he be appointed counsel "for the purpose of requesting that this case be turned into a class-action lawsuit."[20]  A *pro se* litigant does not have a statutory or constitutional right to have counsel appointed in a civil case.[21]    The Court may, however, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."[22]  Mr. Lamar's request for counsel will be held in abeyance.

## B.    Legislative Immunity

Mr. Lamar sued Arkansas state Senators G. Rice and Flippo Stubblefield, along with Arkansas state Representative Richmond in connection with creation Act 1110.[23]  Legislators,

---

[16]  Pl.'s Am. Compl. (Doc. 11)  at 4-6, 13.

[17]  *Id*. at 14.

[18]  *Id*.

[19]  *Fymbo v. State Farm Fire and Cas. Co*., 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *cf. Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity . . . .").

[20]  Pl.'s Am. Compl. (Doc. 11) at 14.

[21]  *Phillips v. Jasper County Jail*, 437 F.3d 791, 794  (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

[22]  *Johnson v. Lamar*, 788 F.2d 1319, 1322  (8th Cir. 1986) (quoting *Nelson v. Redfield Lithograph Printing*, 728  F.2d 1003, 1005 (8th Cir. 1984)).

[23]  *Id*. at 3.

however, are "entitled to absolute legislative immunity for acts undertaken within the 'sphere of legitimate legislative activity.'"[24]   Plaintiff has not pled facts indicating that either of these Defendants acted in a way that precludes immunity.   Rather, he identifies these Defendants as the "creators of Act 1110 of 2021."[25]   Developing and passing legislation is the type of action to which legislative immunity applies.[26]   Accordingly, Mr. Lamar's claims against Defendants Rice, Stubblefield, and Richmond will be dismissed.

### C.      Supremacy Clause Claim

The Supremacy Clause of the United States provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.[27]

"[S]tate law is preempted to the extent that it actually conflicts with federal law."[28]

Mr. Lamar alleges that the taking of prisoner stimulus payments under Act 1110 is inconsistent with federal law that provides for stimulus payments to eligible individuals, which includes prisoners.[29]   Mr. Lamar also claims Administrative Directive 16-44 violates the Supremacy Clause.[30]   Mr. Lamar asserts that both Act 1110 and Administrative Directive 16-44 are in conflict with 26 U.S.C. § 6428A and with 26 U.S.C. § 6428B.[31]   While the Court will let

---

[24]   *Leapheart v. Williamson*, 705 F.3d 310, 313-14 (8th Cir. 2013) (*quoting Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998)).   *See also Church v. Missouri*, 913 F.3d 736, 754  n.3 (8th Cir. 2019) (noting that "under [*Supreme Court of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719 (1980)]  legislative immunity applies to official capacity suits.")

[25]   Pl.'s Am. Compl. (Doc. 11) at 3.

[26]   *Leapheart*, 705 F.3d at 313-14.

[27]   U.S. CONST. ART. VI, cl. 2.

[28]   *Lankford v. Sherman*, 451 F.3d 496, 510 (8th Cir. 2006) (internal citation omitted).

[29]   Pl.'s Am. Compl. (Doc. 11) at 7-8.

[30]   *Id*. at 13.

[31]   *Id*. at 8, 13.

this claim pass screening, this is not a comment on whether this claim can withstand an adversarial motion to dismiss.

### D.    Fifth Amendment Takings Clause Claim

Mr. Lamar alleges that the taking of stimulus payments pursuant to Act 1110 violates the Fifth Amendment's Takings Clause.[32]  The Takings Clause applies to the federal government or federal actions and applies to the States through the Fourteenth Amendment.[33]  Mr. Lamar's argument is that federal law gave him a property right in the disputed funds, and the Defendants unlawfully took these funds for public use.  This claim survives screening, but may well be susceptible to an adversarial motion to dismiss.

### E.    Due Process Claims

Mr. Lamar maintains that the taking of his stimulus payment was in violation of his due process rights under the Fourteenth Amendment.[34]  Mr. Lamar's Fourteenth Amendment due process claim survives screening, but may well be susceptible to an adversarial motion to dismiss.

## III.    *Pro Se* Plaintiff

The Court reminds Mr. Lamar that he must follow the applicable Federal Rules of Civil Procedure and relevant Local Rules.[35]

---

[32]  *Id*. at 6.

[33]  *Lingle v. Chevron U.S.A Inc.*, 544 U.S. 528, 536 (2005) (internal citation omitted).

[34]  Pl.'s Am. Compl. (Doc. 11) at 4-6, 13.

[35]  *See, for example, Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) is particularly relevant to plaintiffs proceeding *pro se*.   Local Rule 5.5(c)(2) provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that:

1.      Mr. Lamar's claims against Defendants G. Rice, Flippo Stubblefield, and Richmond are DISMISSED without prejudice.

2.      Defendants G. Rice, Flippo Stubblefield, and Richmond are DISMISSED as parties to this lawsuit.

3.      Mr. Lamar's Supremacy Clause, Takings Clause, and Due Process claims will be served on Defendant Smallwood.  Service already has been ordered on Defendants Hutchinson and Payne.

4.      The Clerk of the Court shall prepare summons for Defendant Barbara Smallwood. The United States Marshal shall serve a copy of the Amended Complaint (Doc. 11), Summons, and this Order on Defendant Smallwood.  Service for Defendant Smallwood should be attempted through the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

5.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 10th day of August, 2021.


LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE